A. Jason Velez #09028
**1LAW**
311 S State St., Suite 450
Salt Lake City, UT 84111
Telephone: (801) 758-9090
Email: jason@1law.com
Attorney for Plaintiff

---

IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH
CENTRAL DIVISION

---

| | |
|---|---|
| FORWARD MOTION MEDICAL SYSTEMS, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JMS BERKSHIRE RESOURCES INC., a New Jersey corporation, aka JMS PLASTICS SUPPLY, INC.,<br><br>Defendant(s). | **COMPLAINT**<br><br>____________________<br><br>Civil No. |

---

## NATURE OF THE ACTION

This is an action under the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. § 1051 et seq., and applicable Utah state law, against Defendant JMS BERKSHIRE RESOURCES, INC. ("Defendant" or "JMS"), to correct unlawful trademark infringement, trade dress infringement, and unfair competition, and to provide appropriate relief to Plaintiff Forward Motion Medical Systems, Inc. ("FMMS") which has been adversely affected by such practices. Plaintiff FMMS alleges that Defendant has manufactured, imported, distributed, advertised, promoted, and sold orthotic insert products that are confusingly similar to FMMS's federally registered trademarks and protected trade dress, in wilful disregard of FMMS's intellectual property rights. Plaintiff

further alleges that Defendant continued its infringing conduct even after representing to FMMS that it had ceased and desisted from all such activities.

**JURISDICTION**

1. This action is brought pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act"), for trademark infringement and trade dress infringement. Jurisdiction is specifically conferred on this Court by Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. Equitable and other relief are also sought under 15 U.S.C. § 1116. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).

2. This Court additionally has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of ($75,000), exclusive of interest and costs, and is between citizens of different States.

3. The unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the District of Utah.

4. This Court has personal jurisdiction over Defendant JMS. Defendant transacts and conducts business in the State of Utah. Defendant purposefully avails itself of the privilege of conducting activities within Utah by advertising, marketing, and selling its products to Utah residents, and by shipping the products that are the subject of this lawsuit into this State. The claims asserted in this Complaint arise directly out of Defendant's contacts and business transactions within the State of Utah.

## PARTIES

5.

| Plaintiff: | Defendant: |
| --- | --- |
| **FORWARD MOTION MEDICAL SYSTEMS, INC.**<br>914 S 100 E<br>Washington, Utah 84780 | **JMS BERKSHIRE RESOURCES, INC.**<br>3535 Route 66, Building #4<br>Neptune, New Jersey 07753-2625 |

6. At all relevant times, JMS BERKSHIRE RESOURCES, INC., a New Jersey corporation, has continuously been doing business in the State of New Jersey, including Neptune, New Jersey, and has at all relevant times manufactured, imported, distributed, marketed, and sold plastic products including orthotic insert shells that directly compete with FMMS's products.

7. At all relevant times, Defendant has continuously been engaged in commerce within the meaning of the Lanham Act, 15 U.S.C. § 1127, and has been subject to the jurisdiction of this Court.

## STATEMENT OF CLAIMS

8. FMMS is the owner of U.S. Trademark Registration No. 7,806,161 and U.S. Trademark Registration No. 7,806,162 (the "FMMS Trademark Registrations"), covering FMMS's distinctive orthotic insert products. All conditions precedent to the institution of this lawsuit have been fulfilled.

a. The FMMS product is a uniquely shaped heel cup and footbed, specifically proportioned to create an identifiable product whose overall look consumers associate specifically with FMMS's brand.

9. FMMS designs, manufactures, markets, and sells high-quality orthotic inserts and related medical-grade footwear products throughout the United States and internationally, with its principal place of business in Washington, Utah.

10. FMMS and JMS have a business history dating back to 2018 with FMMS purchasing raw materials from JMS and JMS purchasing and distributing FMMS's finished products.

11. FMMS learned of JMS's infringing acts on or about, and continuing from, the summer of 2023.

12. On September 13, 2023, FMMS sent a formal Cease and Desist Letter to JMS demanding that JMS immediately cease and desist from all activities infringing FMMS's intellectual property rights.

13. In response to the First Cease and Desist Letter, JMS, through its representatives, attested to FMMS that JMS had ceased and desisted from all infringing activities. This representation was false.

14. On October 18, 2025, FMMS sent a second Cease and Desist Letter to JMS's counsel of record, again demanding that JMS cease and desist from all infringing activities and provide full accounting of its infringing products and sales.

15. To date, JMS has failed to comply with FMMS's demands and, upon information and belief, continues to engage in activities that infringe FMMS's federally registered trademarks and protected trade dress.

16. Since at least the fourth quarter of 2023, Defendant has engaged in unlawful trademark infringement and trade dress infringement in violation of the Lanham Act and Utah state law. These practices include, but are not limited to:

a. Manufacturing, importing, distributing, offering for sale, and selling orthotic insert products that are confusingly similar to FMMS's registered trademarks and incorporate FMMS's protected trade dress;

b. Retaining the distinctive three-dimensional shape, arch contour, heel cup geometry, and overall profile of FMMS's protected trade dress in its redesigned products, even after representing to FMMS that it had ceased all infringing activities;

c. Removing the ordered partial spheroid surface pattern from its later products while deliberately copying and retaining the proprietary three-dimensional shell geometry, contour, and configuration of FMMS's products;

d. Causing confusion in the marketplace as to the source, affiliation, sponsorship, or approval of JMS's products;

e. Ignoring FMMS's formal written notice of the infringement on two occasions and continuing the infringing conduct notwithstanding that notice;

f. Defendant's officers and managers had knowledge of the infringing activities and the misrepresentations made to FMMS; and

g. Defendant failed to take appropriate corrective action despite its knowledge of FMMS's registered trademark rights and protected trade dress.

17. Since at least the fourth quarter of 2023, Defendant has engaged in unlawful conduct in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), when Defendant continued selling infringing products in retaliation for, and in disregard of, FMMS's formal demands to cease and desist.

18. On September 13, 2023, JMS was placed on formal notice of its infringement of FMMS's intellectual property rights.

19. Defendant's infringement occurred in two distinct phases. In the first phase, beginning on or about the summer of 2023, Defendant manufactured and sold orthotic insert products bearing the ordered partial spheroid surface pattern that is the subject of the FMMS Trademark Registrations, as depicted in Fig. 1 below. In the second phase, after receiving FMMS's demands, Defendant removed the spheroid surface pattern but continued to manufacture and sell products that retained the identical three-dimensional shell configuration of the FMMS product — the heel cup, arch, footbed contour, and overall shape — as depicted by the nesting products in Fig. 2 and Fig. 3 below.



Fig. 1 Side by side/top and bottom comparison of JMS product and FMMS trademarked protected design. FMMS design and product is on the left both in both images. Related to the 2023 Cease and Desist Letter.



Fig 2. Side-by-side comparison photograph of FMMS product vs. JMS product (2025 Cease and Desist). FMMS design and product is on the right both in both images.



Fig 3 Nesting photograph showing the two products overlaid/conformed together (2023 & 2025 product)

20. Defendant at no time provided a full accounting of its infringing products or sales after FMMS complained and demanded such information.

21. Defendant knew or should have known that its redesigned products continued to infringe FMMS's registered trademarks and trade dress, and failed to respond in an appropriate manner.

22. The effect of the practices complained of in paragraphs 13 through 18 above has been to deprive FMMS of revenue and profits from the sale of its genuine products, and to damage FMMS's reputation and goodwill, because of Defendant's deliberate infringement.

23. The effect of the practices complained of in paragraphs 13 through 18 above has been to create confusion in the marketplace as to the source and origin of JMS's products.

24. The unlawful practices complained of in paragraphs 13 through 18 above were intentional.

25. The unlawful practices complained of in paragraphs 13 through 18 above were done with malice and/or with reckless indifference to the federally protected intellectual property rights of FMMS.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)

26. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

27. FMMS is the owner of valid and subsisting U.S. Trademark Registration No. 7,806,161 and U.S. Trademark Registration No. 7,806,162 (the "FMMS Trademark Registrations"). Exhibit A. These registrations cover the distinctive ordered partial spheroid surface pattern of FMMS's orthotic inserts — a plurality of ordered partial spheroid shapes extending from a common curved three-dimensional surface. The details of these registrations are as follows:

| U.S. REG. NO. | MARK | GOODS/ SERVICES |
|---|---|---|
| 7806161 |  | The mark consists of a plurality of ordered partial spheroid shapes extending from a same curved 3-dimensional material. (Int'l Cl. 010 – Primary Class) |
| 7806162 |  | The mark consists of an orthotic insert insole exterior bearing a plurality of partial spheroid projections. (Int'l Cl. 010 - Primary Class) |

28. JMS has used in commerce, without authorization from FMMS, reproductions, copies, or colorable imitations of the FMMS Trademark Registrations in connection with the sale, offering for sale, distribution, and advertising of orthotic insert products, in a manner that is likely to cause confusion, mistake, or deception as to the source or origin of JMS's goods.

29. JMS's acts constitute infringement of FMMS's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. Plaintiff has suffered damages including lost compensation, lost profits, lost revenue, and reputational harm.

31. Defendant's unlawful conduct toward Plaintiff in violation of 15 U.S.C. § 1114 was done with deliberate, willful, and intentional disregard for FMMS's federally protected trademark rights, and as such Defendant should be subjected to enhanced damages and attorneys' fees as provided under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

(Trade Dress Infringement and False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

32. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

33. FMMS's trade dress consists of the distinctive, non-functional three-dimensional configuration of its orthotic insert shell — including the heel cup geometry, arch profile, footbed contour, taper, and overall shape of the product (the "FMMS Trade Dress") — which is separate and apart from the ordered partial spheroid surface pattern that is the subject of the FMMS Trademark Registrations. The FMMS Trade Dress is non-functional: its particular configuration is not essential to the use or purpose of an orthotic insert, does not affect the cost or quality of the product, and numerous alternative shell configurations are available to competitors to achieve

equivalent orthotic support. The FMMS Trade Dress has acquired secondary meaning, such that consumers and the trade associate its configuration with a single source, namely FMMS.

34. After Defendant removed the spheroid surface pattern, it continued to reproduce the FMMS Trade Dress — the footbed and heel cup shell configuration — so precisely that Defendant's product and FMMS's product nest, one sitting completely within the other, as shown in Exhibit B. This exact dimensional conformity, achieved even after the surface pattern was stripped away, demonstrates that Defendant deliberately copied the FMMS Trade Dress itself and could not have occurred absent such copying.

35. JMS's unauthorized use of a product design that is virtually identical to the FMMS Trade Dress constitutes trade dress infringement and a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Plaintiff has suffered damages including lost compensation, lost profits, and reputational harm.

37. Defendant's unlawful conduct in violation of 15 U.S.C. § 1125(a) was done with reckless disregard for FMMS's federally protected rights, and as such Defendant should be subjected to enhanced damages as provided under 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**

(Utah Unfair Competition Act - Utah Code Ann. §§ 13-5a-101 through 13-5a-103)

38. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

39. JMS's conduct as described herein constitutes unfair competition under the law of the State of Utah and in violation of Utah Code Ann. §§ 13-5a-101 through 13-5a-103, including by misappropriating FMMS's goodwill and trade dress through the manufacture and sale of products designed to copy the appearance of FMMS's genuine products.

40. JMS's deliberate copying of FMMS's protected intellectual property has damaged FMMS's market position and diverted sales and goodwill from FMMS, including by continuing to sell infringing products after representing that it had ceased and desisted.

41. Plaintiff has suffered damages including lost profits, lost revenue, and reputational harm.

42. Defendant's unlawful conduct toward Plaintiff in violation of Utah law was done with reckless disregard for FMMS's rights, and as such Defendant should be subjected to punitive damages as well.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff FMMS respectfully requests that this Court:

A. Order Defendant to cease and desist from all infringing activities and enter a preliminary and permanent injunction enjoining JMS, its officers, agents, servants, employees, and attorneys from manufacturing, importing, distributing, offering for sale, selling, advertising, or displaying any products that infringe FMMS's Trademark Registrations or that incorporate, reproduce, or imitate FMMS's Trade Dress.

B. Order Defendant to make whole Forward Motion Medical Systems, Inc. by providing appropriate monetary relief, including actual damages and disgorgement of JMS's profits derived from its infringing activities, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including recall and destruction of all infringing products.

C. Order Defendant to make whole Forward Motion Medical Systems, Inc. by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 13 through 18 above, in amounts to be determined at trial.

D. Order Defendant to pay Forward Motion Medical Systems, Inc. enhanced or treble damages for its deliberate, wilful, and intentional infringement described in paragraphs 13 through 18 above, pursuant to 15 U.S.C. § 1117(a), in amounts to be determined at trial.

E. Award FMMS its attorneys' fees pursuant to 15 U.S.C. § 1117(a) and applicable state law, this being an exceptional case.

F. Award the Plaintiff its costs of this action.

DATED: _______________, 2026

Respectfully submitted,

**1LAW**

/s/ A. Jason Velez
Attorney for Plaintiff Forward Motion Medical Systems, Inc.

**Exhibit A -** FMMS Trademark Registrations (which themselves contain images of the marks)

# United States of America

## United States Patent and Trademark Office



**Reg. No. 7,806,162**

**Registered May 27, 2025**

**Int. Cl.: 10**

**Trademark**

**Principal Register**

FORWARD MOTION MEDICAL SYSTEMS, Inc. (UTAH CORPORATION)
914 S. 100 E.
Washington, UTAH 84790

CLASS 10: Orthotic insert for footwear; orthotic insole being an insert for footwear; orthotic insert blank for footwear

FIRST USE 11-18-2016; IN COMMERCE 11-18-2016

The mark consists of an orthotic insert insole exterior bearing a plurality of partial spheroid projections.

SER. NO. 98-151,890, FILED 08-26-2023

Acting Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 7,806,161**

**Registered May 27, 2025**

**Int. Cl.: 10**

**Trademark**

**Principal Register**

FORWARD MOTION MEDICAL SYSTEMS, Inc. (UTAH CORPORATION)
914 S. 100 E.
Washington, UTAH 84790

CLASS 10: Orthotic insert for footwear; orthotic insole being an insert for footwear; orthotic insert blank for footwear; medical devices being foot orthotic inserts; molded elements being blank foot orthotic shell inserts for footwear; shaped elements being custom orthotic inserts for footwear

FIRST USE 11-18-2016; IN COMMERCE 11-18-2016

The mark consists of a plurality of ordered partial spheriod shapes extending from a same curved 3-dimensional material.

SER. NO. 98-151,853, FILED 08-25-2023

Acting Director of the United States Patent and Trademark Office